## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

DONALD G. WEST,

    Plaintiff,

-vs-            Case No.  2:07-cv-274-FtM-34SPC

CITY OF FORT MYERS; FORT MYERS POLICE
DEPARTMENT,

    Defendants.

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

   This matter comes before the Court *Sua Sponte* on the Plaintiff's Failure to Prosecute this Case, His Failure to Respond to the Court's Orders to Show Cause, and His Failure to Inform the Court of His New Address.

## FACTS

   This case was filed, pursuant to 42 U.S.C. § 1983 on May 1, 2007, by the Plaintiff while he was incarcerated.  In his Complaint, the Plaintiff alleges the Fort Myers Police Department made a false arrest, falsified, documents, and committed perjury regarding his underlying criminal case.

   On June 27, 2007, the Court issued an Order (Doc. # 13) directing the Plaintiff to complete the service of process forms and U.S. Marshal form 285 in order to effectuate service on the Defendants.  The Clerk of the Court mailed four sets of the service forms to the Plaintiff on June 28, 2007.  On October 17, 2007, the Court issued an Order to Show Cause (Doc. # 15) directing the Plaintiff to show cause in writing why service had not been completed.  No answer to the Order to Show Cause was ever filed by the Plaintiff.  On November 30, 2007, the Court issued another Order

to Show Cause (Doc. # 16) directing the Plaintiff to appear in person before the Court at a hearing to show cause why his case should not face sanctions including the dismissal of his case for failure to prosecute and for failure to comply with the Court's Orders. The hearing was scheduled for December 19, 2007. Once again the Plaintiff failed to appear and there was no response to the Court's Order.

The Court's last Order to Show Cause was returned to the Court as undeliverable because Donald West was no longer incarcerated. After further inquiry, the Court has learned that West has not been in custody since August 17, 2007. The Plaintiff has never submitted any change of address notification to the Court.

## DISCUSSION

"Whenever it appears that any case is not being diligently prosecuted the Court may, on motion of any party or on its own motion, enter an order to show cause why the case should not be dismissed, and if no satisfactory cause is shown, the case may be dismissed by the Court for want of prosecution." M.D.Fla. Local Rule 3.10(a)). Furthermore, a district court may dismiss an action on its own motion if service is not perfected within 120 days after the filing of the complaint. Fed. R. Civ. P. 4(m).

This matter is clearly subject to dismissal pursuant to the 120-day provision of Rule 4(m). The Plaintiff was given the proper service forms while he was still incarcerated. The Plaintiff obviously received the forms because they were never return. The Plaintiff was released from incarceration and never provided the Court with a new address and never effectuated service upon the Defendants. Therefore, the Court finds that Plaintiff has failed to prosecute this action by failing to return the service forms as previously ordered by the Court and by failing to keep the Court advised of his

current address. *See* <u>Grimes v. Dameff</u>, 2006 WL 1208016, *1 (M.D.Fla. May 4, 2006) (dismissing the case because the Plaintiff, who at one time was incarcerated, was released without ever serving the Defendants and without informing the Court of his new address).

Consequently, pursuant to Local Rule 3.10(a) (M.D.Fla.) and Fed. R .Civ. P. 4(m) the Court respectfully recommends that the case be dismissed without prejudice.

Accordingly, it is now

**RESPECTFULLY RECOMMENDED:**

The case should be **DISMISSED without prejudice** for the Plaintiff's failure to prosecute, failure to respond to the Court's Orders to Show Cause, and failure to provide the Court with his new address.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**Respectfully recommended** at Fort Myers, Florida, this __16th__ day of January, 2008.


SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE




Copies: All Parties of Record